## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

WILLIAM ROHLAND,                :    CIVIL ACTION NO.
                                           3:02 CV 1955 (MRK)

                Plaintiff,    :

      - against -            :

GIBBS COLLEGE,             :

                Defendant.    :

                                        October 28, 2003

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT GIBBS COLLEGE'S MOTION TO COMPEL

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

and Rule 37 of the Rules of the United States District Court for the District of Connecticut ("L.

Civ. R."), Defendant Gibbs College ("Defendant"), by and through its attorneys, Morgan, Lewis

& Bockius LLP and Zeldes, Needle & Cooper, P.C., respectfully request that the Court issue an

order dismissing the Complaint of Plaintiff William Rohland ("Plaintiff") or, in the alternative,

compelling Plaintiff to: (1) appear for his deposition; (2) submit documents and written

responses to Defendant's discovery requests, including an executed authorization for records

release; and (3) submit initial disclosures pursuant to Rule 26. In addition, Defendant

respectfully requests that the Court issue an order directing Plaintiff to reimburse Defendant for

the expenses incurred in bringing this motion, including attorneys' fees and any such other and

further relief as this Court may deem just, proper and equitable.

For nearly eight months, Defendant has amicably attempted to confer with Plaintiff (and

his former counsel) in an effort to obtain responses to its outstanding discovery requests and to

schedule Plaintiff's deposition. Defendant has already sought one extension of the discovery period due to Plaintiff's failure to respond to discovery, and the discovery period is currently set to close on October 31, 2003.

This litigation – which Plaintiff filed over one year ago – has been unreasonably delayed by Plaintiff's failure to timely respond to Defendant's discovery requests and his failure to submit to a deposition. Defendant has been unable to take any discovery, and the discovery deadline is fast approaching. Accordingly, Defendant is left with no other option but to ask the Court, pursuant to Fed. R. Civ. P. 37, to intervene in this matter and award Defendant the above-requested relief.

## STATEMENT OF FACTS

Plaintiff William Rohland ("Plaintiff or "Rohland") filed the instant action on September 30, 2002. Pursuant to the parties' joint Rule 26(f) Report, Initial Disclosures pursuant to Rule 26(a) were to be exchanged by January 15, 2003 and fact discovery was to be completed by June 30, 2003. See Affidavit of Carrie A. Gonell ("Gonell Aff.") ¶ 2. The parties subsequently consented to a joint extension, agreeing to exchange Initial Disclosures by February 28, 2003. Id. On February 27, 2003, Defendant served its Initial Disclosures on Plaintiff. Id. Defendant still has not received Plaintiff's Initial Disclosures. Id.

On March 3, 2003, Defendant served discovery requests (including requests for documents, interrogatory responses, and an authorization for the release of records), as well as a deposition notice for Plaintiff's deposition. Gonell Aff. ¶¶ 3-5. Between March 3, 2003 and late May 2003, Ms. Gonell, counsel for Defendant, had a number of conversations with counsel for Plaintiff in an unsuccessful effort to secure discovery responses from Plaintiff. Gonell Aff. ¶ 7. Plaintiff's deposition, which had been noticed for April 21, 2003, was postponed due to

1-NY/1668539.2

Plaintiff's failure to respond to discovery. Gonell Aff. ¶ 8. In late May of 2003, Plaintiff's

counsel withdrew from this action, and Plaintiff has been proceeding *pro se* since that time.

Gonell Aff. ¶ 9.

In June of 2003, Defendant had not yet received responses to its discovery requests, and

filed a Motion for Enlargement of the discovery deadline, which was granted by this Court on

June 25, 2003. Gonell Aff. ¶ 6. Between July 2 and August 8, 2003, Defendant sent three letters

to Plaintiff advising that his discovery responses (and initial disclosures) were months overdue

and requesting that he contact Defendant. Gonell Aff. ¶¶ 10-13. Defendant also attempted

phoning Plaintiff during this time, and left at least one voicemail message for Plaintiff. At no

time did Plaintiff contact Defendant. Gonell Aff. ¶¶ 12-13, 22.

The August 8, 2003 letter sent to Plaintiff advised that, if Plaintiff did not respond by

August 13, 2003, Defendant would have no choice but to seek assistance from the Court in

securing his discovery responses. Gonell Aff. ¶ 13. On August 14, 2003, Plaintiff phoned

Ms. Gonell, advising her that he had a "pile of documents" from his former counsel that he

intended to send to her. Gonell Aff. ¶ 14. Ms. Gonell advised Plaintiff that he should not send

any documents that were communications between his counsel and him, or any documents that

he created at his counsel's request. Id.

Several minutes after the August 14, 2003 phone call between Plaintiff and Ms. Gonell,

Ms. Gonell called Plaintiff back and left him a voicemail message, indicating that he should wait

to transmit any documents to her until he received a letter from her confirming their

conversation. Gonell Aff. ¶ 14. The blackout in New York occurred several minutes later. Id.

Accordingly, Ms. Gonell left Plaintiff a second voicemail message indicating that she might not

be able to get the letter out to him until Friday, August 15, 2003, due to the blackout. Id.

On Monday, August 18, 2003, Defendant sent Plaintiff a letter via Federal Express and regular mail confirming their discussion on August 14, 2003. Gonell Aff. ¶ 16. Additionally, the letter indicated Defendant's availability to take Plaintiff's deposition on September 18 and September 25, 2003, and requested that Plaintiff provide his availability for those (or alternative) dates. The Federal Express envelope containing the letter was returned to Defendant on August 27, 2003, but the first class copy was never returned. Gonell Aff. ¶ 17. That same day, Defendant resent the August 18, 2003 letter, and Federal Express has confirmed the delivery of the resubmission on August 28, 2003. Gonell Aff. ¶ 18.

During September and early October, Defendant tried unsuccessfully on several occasions to reach Plaintiff by phone, leaving several voicemail messages for Plaintiff. Gonell Aff. ¶ 19. On October 7, 2003, Defendant sent Plaintiff yet another letter asking Plaintiff to provide discovery responses and appear for a deposition. Gonell Aff. ¶ 20. Defendant informed Plaintiff that, if he did not respond by October 10, 2003, Defendant would have no recourse but to make a motion to compel. Id. Plaintiff signed for the October 7, 2003 letter on October 8, 2003, and has not contacted Defendant. Gonell Aff. ¶¶ 21-22.

## ARGUMENT

### I.   THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY

Through Plaintiff's complete unwillingness to participate in the discovery process, Plaintiff has demonstrated that he has no interest in pursuing the lawsuit he filed over one year ago. Fed. R. Civ. P. 37(d) states, in pertinent part:

> If a party . . . .fails . . . to serve answers or objections to interrogatories submitted under Rule 33 . . . or . . . to serve a written response to a request for inspection submitted under Rule 34 . . . the court in which the action is pending on motion may

> make such orders in regard to the failure as are just [including
> those set forth in Fed. R. Civ. P. 37(b)(2)].

Fed. R. Civ. P. 37(d). Fed. R. Civ. P. 37(b)(2) provides the Court with the power to make such

orders as are just, including:

> "An order striking out pleadings or parts thereof . . . or <u>dismissing the
> action or proceeding</u> or any part thereof, or rendering a judgment by
> default against the disobedient party . . ."

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

This Court has previously dismissed complaints or entered default judgments

against parties for non-compliance with discovery rules. Indeed, in <u>Salisbury v. Town of

Watertown</u>, 82 F.R.D. 403 (D. Conn. 1979), this Court entered a default judgment against a party

for non-compliance with the discovery rules where, as here, the non-complying party failed to

meet procedural deadlines, including providing timely responses to discovery requests. <u>Id.</u> at

404. The Court, in entering the default judgment, noted that:

> The bar must realize, and we declare it as emphatically as we can,
> that these dates by law, rule or court order must mean something.
> They are not empty formalities. To neglect and ignore a date for
> action in a court proceeding is in reality a thinly-veiled species of
> disrespect or contempt for the Court.

<u>Id.</u> (internal citation omitted).

Plaintiff filed this lawsuit nearly one year ago, and has made no effort to participate in the

discovery process or otherwise advance this litigation. Plaintiff has refused to answer

communications, both by phone and in writing, by Defendant's counsel made in an attempt to

obtain Plaintiff's compliance with discovery. It was Plaintiff's decision to prosecute this action

against Defendant and, now, Defendant has spent many needless hours attempting to obtain the

discovery to which it is properly entitled under the Federal Rules. In light of Plaintiff's failure to

prosecute this action, his complaint should be dismissed.

## II.     SHOULD THE COURT DECLINE TO DISMISS PLAINTIFF'S COMPLAINT, IT SHOULD COMPEL PLAINTIFF TO PROVIDE DISCOVERY RESPONSES AND DISCLOSURES, AND SUBMIT TO A DEPOSITION

In the event that the Court determines that Plaintiff's dilatory conduct does not warrant the dismissal of his Complaint, Defendant requests that the Court compel Plaintiff to provide discovery responses and initial disclosures, and to appear for his deposition.

Pursuant to Fed. R. Civ. P. 37, if a party fails to respond to a discovery request, the court may, upon motion, issue an order compelling the non-complying party to do so. Fed. R. Civ. P. 37(a)(2)(B). Fed. R. Civ. P. 37(a)(2)(B):

> If a deponent fails to answer a question propounded or submitted under Rule[ ] 30 . . . the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B).

In the instant case, Defendant has been attempting for nearly eight months to take Plaintiff's deposition and to seek his compliance with outstanding discovery requests. Given Plaintiff's refusal to even communicate with Defendant, much less to provide the discovery responses to which Defendant is entitled, Defendant respectfully asks this Court to order Plaintiff to: (1) provide initial disclosures; (2) respond to Defendant's document and interrogatory requests; (3) execute an authorization for the release of records; (4) appear for his deposition; and (5) pay Defendant's costs associated with this motion.[1]

---

1     Pursuant to Fed. R. Civ. P. 37(a)(4), if a motion for an order compelling discovery is granted or requested discovery is provided after the motion is filed:

> [T]he court shall . . . require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees. . .

Fed. R. Civ. P. 37(a)(4)(A); see also Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682, 687 (2d Cir. 1989);

## CONCLUSION

Plaintiff's delay in responding to Defendant's discovery requests is obstructing Defendant's efforts to defend this case.  Defendant's attorneys have expended many hours attempting to gain Plaintiff's compliance with the discovery to which Defendant is clearly entitled.  Accordingly, Defendant respectfully requests that the Court dismiss this case or, in the alternative, order Plaintiff to comply fully with Defendant's discovery requests without further delay.

Dated: New York, New York
        October ___, 2003

MORGAN, LEWIS & BOCKIUS LLP

By: _____
        Amber Kagan (CT 18154)
        Carrie A. Gonell (CT 24336)

101 Park Avenue
New York, New York  10178
212-309-6000

ZELDES, NEEDLE & COOPER, P.C.
Sarah Poston (CT 19702)
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut  06601
203-333-9441

Attorneys for Defendant Gibbs College

---

Remington Products, Inc. v. North America Philips Corp., 107 F.R.D. 642 (D. Conn. 1985).

1-NY/1668539.2                               7

## CERTIFICATE OF SERVICE

This is to certify that I caused to be served by first class United States mail a true and correct copy of the foregoing, on this 28th day of October, to:

William Rohland, Pro Se
Mr. William Rohland
74 West Fourth Street #13A
Derby, CT 06418

Sarah W. Poston