UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
WILLIAM ROHLAND,                              :

              Plaintiff,           :           No. 3:02 CV 1955 (AWT)

   - against -                                 :

GIBBS COLLEGE,                                 :

              Defendant.          :

------------------------------------------------------------X

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Gibbs College requests that William Rohland ("Plaintiff") produce copies of, or produce for inspection and reproduction at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, all documents in his possession, custody or control as requested herein. Defendant requests that Plaintiff's response be made within thirty (30) days of the service of this Request upon Plaintiff.

Each of the following requests is continuing in nature. Accordingly, if after producing any documents Plaintiff, or anyone on his behalf, obtains or becomes aware of additional information or documents pertaining to any request for production, Plaintiff is required, pursuant to Fed. R. Civ. P. 26(e), to provide such information or documents, by way of supplemental responses. Such supplemental responses are to be served upon Defendant within thirty (30) days after Plaintiff becomes aware of such information or documents, but no later than one (1) week prior to the date of any trial or hearing in this action.

In responding to Defendant's requests, furnish all information or documents which are available, including documents in the possession, custody or control of Plaintiff's attorneys, or anyone else acting for or on Plaintiff's behalf, and not merely those documents held by Plaintiff. If Plaintiff is unaware of the existence of any documents responsive to a request, Plaintiff should expressly indicate so.

These requests for production of documents should be read, interpreted and responded to in accordance with the definitions and instructions set forth below.

## DEFINITIONS

1. **Document.** The term "document" or "documents" shall mean any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in Plaintiff's possession, custody or control, or in the possession, custody or control of Plaintiff's present or former agents, representatives, attorneys, physicians or other health care professionals, or any and all persons acting on their or Plaintiff's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by the Plaintiff to exist.

2. **Defendant.** For purposes of these requests, the term "Defendant" means Gibbs College, any current or former affiliates or divisions thereof, and its employees, managers, officers, and/or executives.

3. **Plaintiff.** The term "Plaintiff" means William Rohland, including all attorneys, agents and employees and representatives acting on his behalf.

4. **Complaint.** The term "Complaint" means Plaintiff's Complaint in the federal court action, <u>Rohland v. Gibbs College</u>, 3:02 CV01955 (AWT).

2

5. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise).

6. Concerning. The term "concerning" means containing, consisting of, relating to, referring to, describing, evidencing or constituting in whole or in part.

7. Person. The term "person" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

8. Date. The term "date" means the exact date, month and year, if ascertainable; otherwise, the word "date" means the best available approximation, including relationships to other events.

9. All/Each. The terms "all" and "each" shall be construed as "all and each."

10. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

i. Documents Withheld from Production

If Plaintiff objects to the production of any document requested below, or if Plaintiff withholds from production any document encompassed by this request, set forth the following:

    (1) The identity of the document withheld and the legal basis of withholding it;

    (2) The identity of the author, signor, addressee, recipient, and any copied recipient(s) of the withheld document;

    (3) The date on which the document was drafted; and

    (4) A summary of the document's contents.

ii. Claims of Privilege

3

If Plaintiff objects to the production of any document or part of a document on the basis of privilege, or that the document or the information contained in the document constitutes attorney work product, Plaintiff should provide a statement signed and verified by Plaintiff's attorney which sets forth as to each document that is withheld on a claim of privilege the following information:

(1) The name and address of the person(s) who possess or control the document and each copy of the document;

(2) The name of the author of the document;

(3) The name of the sender of the document if different from the author;

(4) The name(s) of the person(s) to whom copies were sent or otherwise made available;

(5) The name(s) of any person(s) known to have seen or have possession of a copy of the document if not identified above;

(6) The business affiliation and job title of every person named in (1), (2), (3), (4) and (5) above;

(7) The date of the document;

(8) A brief description of the nature (e.g., letter, memorandum) of the document; and

(9) The basis for the privilege claim.

iii. Lost or Destroyed Documents

If any document that would have been responsive to the requests herein has been destroyed or is no longer in Plaintiff's possession, custody or control, provide the following information:

(1) The date of the document;

(2) The names and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

(3) The date of and the identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left Plaintiff's possession, custody or control; and

4

(4)  The circumstances surrounding the loss of the document or the reason for its destruction.

## DOCUMENTS TO BE PRODUCED

1. Produce all documents, including personal and other diaries, calendars, notes, appointment books, journals, and schedules created or maintained by Plaintiff or any other person on Plaintiff's behalf, which contain information relating to Plaintiff's employment with Gibbs College, the termination of his employment with Gibbs College and/or the allegations contained in the Complaint.

2. All documents concerning Plaintiff's positions, job descriptions, job duties and/or job qualifications while employed by Gibbs College.

3. All documents concerning employment policies and practices of Gibbs College.

4. All documents concerning Plaintiff's job application, interview(s) and offer of employment with Gibbs College.

5. All documents concerning Plaintiff's job performance while employed by Gibbs College.

6. All documents concerning Plaintiff's allegation in Paragraph "6" of the Complaint that he "received favorable job performance evaluations on a monthly basis."

7. All documents concerning Plaintiff's allegation in Paragraph "6" of the Complaint that "his student retention numbers were the best within the Computer Technology Department."

8. All documents concerning Plaintiff's allegation in Paragraph "7" of the Complaint that he "was wrongfully terminated on December 6, 2001 effective December 31, 2001."

9. All documents concerning Plaintiff's allegation in Paragraph "8" of the Complaint that he "has a 25% disability of his back and a 10% disability of his foot."

10. All documents concerning Plaintiff's allegation in Paragraph "10" of the Complaint that "age was a motivating factor in the defendant's decision to terminate [Plaintiff's] employment."

5

11. All documents concerning Plaintiff's allegation in Paragraph "11" (Second Count) of the Complaint that his "disabilities were a motivating factor in the defendant's decision to terminate the plaintiff."

12. All documents concerning Plaintiff's allegation in Paragraph "12" (Second Count) of the Complaint that Gibbs College failed and/or refused to made a reasonable accommodation for Plaintiff.

13. All documents concerning Plaintiff's allegation in Paragraph "12" of the Complaint that he "has requested that defendant reinstate and compensate him, but the defendant has refused to do so."

14. All documents concerning any communication with any current or former student of Gibbs College, individually or collectively, concerning the subject matter of this lawsuit (including but not limited to Plaintiff's actual or anticipated separation from employment with Defendant), the injuries claimed in this lawsuit, the damages sought in this lawsuit and/or any of the allegations contained in Plaintiff's Complaint in this lawsuit.

15. All documents concerning any communication between (i) Plaintiff or Defendant; and (ii) the Connecticut State Department of Higher Education and/or the Accrediting Council for Independent Colleges and Schools ("ACICS").

16. All documents concerning any and all forms of education, instruction, and/or training Plaintiff has received.

17. All documents concerning any medical condition, care, treatment or medication, or any claim relating thereto, including psychiatric, psychological or other mental health care, or medication received or taken by or administered to Plaintiff during the period from July 1, 1998 until the present, including, without limitation, treatment records, lab tests, bills, invoices, statements, and prescriptions from physicians, hospitals or other health care providers and/or insurance companies relating thereto and any communications between Plaintiff and any such person or entity.

18. All documents concerning any charges, complaints, testimony, correspondence or communications between Plaintiff and any organization, person or entity, including but not limited to the EEOC and/or CCHRO, concerning: (i) any aspect of Plaintiff's employment or separation from employment with Gibbs College; (ii) the employment policies and practices of Defendant; or (iii) Plaintiff's claims against Defendant, or the alleged acts and omissions underlying Plaintiff's claims.

19. All documents concerning any discussions, conversations, meetings, correspondence or other communications between Plaintiff and Defendant, or any current or former employee(s) or representative(s) of either of them, concerning: (i) any aspect of Plaintiff's employment or separation from employment with Gibbs College, (ii) Defendants'

employment policies and practices or (iii) Plaintiff's claims against Defendants, or the alleged acts and omissions underlying Plaintiff's claims.

20. All documents concerning any actions, complaints, lawsuits, or legal or administrative proceedings in which Plaintiff has ever been or is presently involved in any way including, without limitation, this lawsuit and any other matter relating to his employment or separation from employment with any employer.

21. All documents concerning the subject matter of this lawsuit, the injuries claimed and damages sought in this lawsuit, or any of the allegations contained in Plaintiff's Complaint.

22. All documents concerning the damages that Plaintiff claims to have suffered as a result of the alleged acts or omissions of Defendants, including, but not limited to those damages referred to in Paragraphs "11" (First Count), "14" (Second Count), "11" (Third Count), "12" (Third Count), and the "Wherefore" clause (page five) of the Complaint.

23. All documents concerning Plaintiff's efforts to obtain employment, work or compensation with any person, school, firm or entity at any time after January 1, 1999, or any communications concerning such efforts, including, without limitation, (i) communications with prospective employers, search or placement firms, or employment agencies; (ii) resumes, applications for employment, and other documents submitted with or in support of any such communications or any applications for employment; and (iii) documents and communications concerning offers or rejections of interviews or employment, or acceptances or rejections of such offers.

24. All documents concerning any claim by Plaintiff for workers compensation after December 21, 2001, or any such workers compensation benefits received by Plaintiff, and any communications between Plaintiff and any organization, person or entity relating thereto.

25. All documents concerning any claim by Plaintiff for disability and/or unemployment benefits after December 21, 2001, or any such disability and/or unemployment benefits received by Plaintiff, and any communications between Plaintiff and any organization, person or entity relating thereto.

26. All documents concerning the amount and source of any and all income or other compensation or remuneration for services of any kind whatsoever received by or accruing to Plaintiff for the period from December 21, 2001, to the present date, including, without limitation, the Plaintiff's personal federal and state income tax returns, W-2 and 1099 forms (from all sources) and other documentation used to prepare such returns and all personal financial records showing income for the period stated above.

7

27. All documents concerning the hourly rate charged by Plaintiff's attorneys, the hours expended by his attorneys to date on this action, the amounts Plaintiff has paid to his attorneys for services to date, and the fee arrangement between Plaintiff and his attorneys.

28. All documents concerning any correspondence, communication or consultation which Plaintiff or any individual acting on his behalf has had with any person whom Plaintiff intends to call as a testifying expert with respect to Plaintiff's claims and allegations in this lawsuit and/or the damages Plaintiff has allegedly suffered and for which relief is sought pursuant to various paragraphs of the Complaint.

29. All documents concerning any correspondence, communication or consultation which Plaintiff or any individual acting on his behalf has had with any person with knowledge of Plaintiff's claims and allegations in this lawsuit and/or the damages Plaintiff has allegedly suffered and for which relief is sought pursuant to various paragraphs of the Complaint.

30. All documents identified in Response to Defendant's First Set of Interrogatories.

Dated: March 3, 2003
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Amber L. Kagan (CT - 18154)
Carrie A. Gonell (CT - 24336)
101 Park Avenue
New York, NY 10178
(212) 309-6000

Anthony R. Minchella (CT - 18890)
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, Connecticut 06604

Attorneys for Defendants Gibbs College

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by regular mail and by Federal Express a true and correct copy of Defendants' First Request for Production of Documents, on this 3rd day of March, 2003, on:

>John F.X. Androwski
>156 Main Street
>Ansonia, Connecticut 06401

I affirm that the foregoing statements are true, under penalty of perjury.

*Carrie A. Gonell*
Carrie A. Gonell

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

WILLIAM ROHLAND,  :  No. 3:02 CV 1955 (AWT)

                Plaintiff,  :

   - against -  :

GIBBS COLLEGE,  :

                Defendant.  :

------------------------------------------------------------X

## AUTHORIZATION FOR RELEASE OF RECORDS

TO: _____

ADDRESS: _____

           _____

William Rohland in the above-captioned action hereby directs and authorizes the release to Carrie A. Gonell, Morgan, Lewis & Bockius, LLP, 101 Park Avenue, New York, NY 10178, of all information and records pertaining to William Rohland ("Rohland") concerning: (a) employment records or information, including but not limited to resumes, job applications, correspondence concerning employment or prospective employment, records concerning communications with Rohland's former employers or other references, requests for references from any prospective employer of Rohland, performance evaluations, termination or resignation notices, payroll records, benefits information, and/or any other personnel documents; and/or (b) educational records or information, including but not limited to all applications for admission, academic transcripts, records of disciplinary actions, and/or applications for financial aid, loans, or work study programs.

A photocopy of this signed Authorization shall be as effective as an original.

Dated:_____, 2003.

_____
WILLIAM ROHLAND

Social Security No.: _____

STATE OF CONNECTICUT    )
                        ) ss.:
COUNTY OF _____ )

On this __ day of _____, 2003, before me personally came William Rohland, to me personally known and known to me to be the same person described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC