UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X

WILLIAM ROHLAND,

           Plaintiff,

-against-

GIBBS COLLEGE,

           Defendant.

------------------------------------------------X

Civ. Action No.: 3:02 CV 1955 (AWT)

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and of the Local Civil Rules for the United States District Court for the District of Connecticut, Defendant Gibbs College hereby requests that Plaintiff William Rohland ("Plaintiff") answer the following Interrogatories fully in writing and under oath, and serve his answers upon the undersigned counsel for Defendant at the offices of Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178. Defendant requests that Plaintiff's responses be made within thirty (30) days of the service of these Interrogatories upon Plaintiff.

## INSTRUCTIONS

1. The following Interrogatories shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Interrogatory, or any part thereof, Plaintiff, or any other person on Plaintiff's behalf, obtains or becomes aware of additional information pertaining to such Interrogatory, Plaintiff is required, pursuant to Fed. R. Civ. P. 26(e), to provide supplemental answers which will augment or otherwise modify the previous answer. Such supplemental answers are to be made and served upon Defendant within thirty

(30) days after Plaintiff receives or becomes aware of such information, but not later than one (1) week prior to the date of any trial or hearing in this action.

2. If any information is withheld on grounds of privilege, provide the following information:

    (1) every person to whom such information has been communicated by Plaintiff and from whom such information was learned by Plaintiff;

    (2) a brief description of the information; the nature and subject matter of the information; and

    (3) the basis on which privilege is claimed.

3. In answering these Interrogatories, Plaintiff should furnish all information which is available, including information in the possession of Plaintiff's attorneys, representatives, employees, agents or investigators, and not merely such information held by Plaintiff on the basis of personal knowledge. Each answer is to be made separately and fully. An incomplete or evasive answer will be considered a failure to answer. If, after exercising due diligence to secure the information, Plaintiff cannot answer in full any one of the following Interrogatories, or any part thereof, Plaintiff should so state and answer to the extent possible, specifying Plaintiff's inability to answer the remainder of the Interrogatory and stating whatever information or knowledge Plaintiff has concerning the unanswered portion(s), including the name of any person(s) who may have additional knowledge or information to complete the answer.

4. Each Interrogatory may be answered in whole or in part by attaching documents that contain sufficient information to answer the question completely. The relevant portion of the document, however, must be so marked or indicated.

5. Should Plaintiff object to an Interrogatory, in whole or in part, state the particular Interrogatory to which Plaintiff objects and the precise grounds for the objection in sufficient detail to allow Defendants to evaluate and respond to the objection.

6. These Interrogatories should be read, interpreted and responded to in accordance with the definitions set forth below. Each answer to these Interrogatories should be made in

accordance with the detail required by these definitions, the Federal Rules of Civil Procedure and the Local Civil Rules.

## DEFINITIONS

The following definitions apply to all discovery requests:

1.  Communication. The terms "communication" or "communications" means any manner or form or information or message transmission, however produced or reproduced, whether by document as herein defined or orally or otherwise, which is made, distributed or circulated between or among persons or data storage or processing units, and any and all documents containing, consisting of, or relating or referring in any way, either directly or indirectly to a "communication." The term includes any conversation, discussion, meeting, conference or any other oral statement.

2.  Document. The term "document" or "documents" shall mean any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in Plaintiff's possession, custody or control, or in the possession, custody or control of Plaintiff's present or former agents, representatives, attorneys, physicians or other health care professionals, or any and all persons acting on their or Plaintiff's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by the Plaintiff to exist.

3.  Date. The term "date" means the exact date, month and year, if ascertainable; otherwise, the word "date" means the best available approximation, including relationships to other events.

4.  Person. The term "person" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entities, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

5.  Identify (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person had been identified in accordance with this paragraph, only the

name of that person needs to be listed in response to subsequent discovery requesting the identification of that person.

6.  Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addresse(s) and recipient(s).

7.  Defendant. The term "Defendant" is meant to include Gibbs College, including all officers, directors, attorneys, agents, employees and representatives acting on behalf of the College.

8.  "Plaintiff" or "you" means William Rohland, including all attorneys, agents, employees and representatives acting on his behalf.

9.  Concerning. The term "concerning" means containing, consisting of, relating to, referring to, describing, evidencing or constituting in whole or in part.

## INTERROGATORIES

1. Identify all individuals whom Plaintiff believes have knowledge or information concerning the subject matter of this lawsuit, the injuries claimed in this lawsuit, the damages sought in this lawsuit and/or any of the allegations contained in Plaintiff's Complaint in this lawsuit, and specify the substance of their knowledge and the date of Plaintiff's most recent communication with such individuals.

2. Identify all individuals with whom Plaintiff has communicated about this lawsuit, the injuries claimed in this lawsuit, the damages sought in this lawsuit and/or any of the allegations contained in Plaintiff's Complaint in this lawsuit, and the facts and circumstances underlying the allegations set forth in the Complaint and/or any defenses thereto, and specify the date and substance of such communication.

3. Identify each current or former student of Gibbs College with whom, individually or collectively, Plaintiff has communicated concerning the subject matter of this lawsuit (including but not limited to Plaintiff's actual or anticipated separation from employment with Defendant), the injuries claimed in this lawsuit, the damages sought in this lawsuit and/or any of the allegations contained in Plaintiff's Complaint in this lawsuit, and specify the date, location, and substance of each such communication.

4. Identify all individuals whom Plaintiff believes may be called as witnesses to testify in this case, and, for each such witness, specify the substance of their testimony.

5. Identify all individuals whom Plaintiff believes may be called as expert witnesses to testify in this case, and for each such witness, specify the substance of their testimony.

6. Identify any and all forms of education, instruction, and/or training you have received including, but not limited to, all degrees, certificates and licenses received, and for each state: (a) the name of the institution or program; (b) the date(s) of your attendance; and (c) a description of the nature of the education, instruction, or training.

7. Identify all documents and communications likely to be relevant to the claims and/or defenses asserted in this action, including a general description of the document, the location of the document and its custodian.

8. Identify all medical or psychological professionals including, but not limited to, each physician, psychiatrist, psychologist, social worker and/or therapist, from whom Plaintiff sought treatment of any kind at any time between December 21, 1996 and the present, including for each: name, address and telephone number, type of practice or specialty and the time frame for each treatment.

9. Identify with specificity your alleged disability(ies).

10. Identify each request for a reasonable accommodation made by Plaintiff to Gibbs College regarding the alleged disability(ies) identified in response to Interrogatory No. 9 and, for each such request, identify the date such request was made, the individual to whom the request was made, and the substance of the request.

11. Identify each category of damages which Plaintiff alleges he suffered in this matter, and for each category, identify the amount of damages claimed and the method used for the calculation of, or in arriving at, the amount.

12. Identify any and all prospective employers whom Plaintiff contacted to secure employment since his resignation from Defendant Gibbs College, and for each state: (a) the date of such contact(s); (b) the position sought and the principal individual within the prospective employer contacted; (c) the result of the contact(s); and (d) the reason(s) given for the result.

13. Identify every source of income or remuneration to Plaintiff from any form of employment since December 21, 2001, including for each such source: the amounts received each year, the name and present or last known address of the source, the title of the position held by Plaintiff, and the dates of Plaintiff's employment.

14. Identify all documents relied upon in responding to these Interrogatories.

15. Identify every person who aided, participated or assisted in any way in the preparation of Plaintiff's responses to Defendant's Document Requests and these Interrogatories and in the gathering or assembling of information or documents in connection with the preparation of such responses.

Dated:   March 3, 2003
         New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: *Carrie A. Gon*
Amber L. Kagan (CT -18154)
Carrie A. Gonell (CT -24336)
101 Park Avenue
New York, NY 10178
(212) 309-6000

Anthony R. Minchella (CT – 18890)
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, Connecticut 06604

Attorneys for Defendants Gibbs College

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by regular mail and by Federal Express a true and correct copy of Defendants' First Set of Interrogatories, on this 3rd day of March, 2003, on:

> John F.X. Androwski
> 156 Main Street
> Ansonia, Connecticut 06401

I affirm that the foregoing statements are true, under penalty of perjury.

_____
Carrie A. Gonell

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by regular mail and by Federal Express a true and correct copy of Defendants' First Set of Interrogatories, on this 3rd day of March, 2003, on:

John F.X. Androwski
156 Main Street
Ansonia, Connecticut 06401