**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-----------------------------------------------------------------X

| | | |
|---|---|---|
| WILLIAM ROHLAND, | : | CIVIL ACTION NO. |
| | | 3:02 CV 1955 (MRK) |
| Plaintiff, | : | |
| - against - | : | |
| GIBBS COLLEGE, | : | |
| Defendant. | : | |

-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT GIBBS COLLEGE'S MOTION TO DISMISS**

Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rule 41 of the Rules of the United States District Court for the District of Connecticut ("L. Civ. R."), Defendant Gibbs College ("Defendant"), by and through its attorneys, Morgan Lewis & Bockius LLP and Zeldes, Needle & Cooper, P.C., respectfully request that the Court issue an order dismissing the Complaint of Plaintiff William Rohland ("Plaintiff"). Plaintiff's Complaint meets every ground for dismissal under Rule 41: he has failed to prosecute this action, failed to comply with the Federal Rules, and failed to comply with this Court's February 11, 2004 Order. Plaintiff has not complied with an order of this Court, participated in discovery, or even contacted the Court or Defendant since August of 2003. Plaintiff clearly has no interest in pursuing this litigation and, accordingly, Defendant's motion should be granted and Plaintiff's Complaint should be dismissed in its entirety.

**STATEMENT OF FACTS**

Plaintiff William Rohland ("Plaintiff or "Rohland") filed the instant action on September 30, 2002. The parties negotiated a joint Rule 26(f) Report, and Defendant subsequently served its Initial Disclosures on Plaintiff. See Affidavit of Carrie A. Gonell ("Gonell Aff.") ¶ 2. Defendant still has not received Plaintiff's Initial Disclosures. Id.

On March 3, 2003, Defendant served discovery requests (including requests for documents, interrogatory responses, and an authorization for the release of records), as well as a deposition notice for Plaintiff's deposition. Gonell Aff. ¶¶ 3-5. Between March 3, 2003 and late May 2003, Ms. Gonell, counsel for Defendant, had a number of conversations with counsel for Plaintiff in an unsuccessful effort to secure discovery responses from Plaintiff. Gonell Aff. ¶ 7. Plaintiff's deposition, which had been noticed for April 21, 2003, was postponed due to Plaintiff's failure to respond to discovery. Gonell Aff. ¶ 6. In late May of 2003, Plaintiff's counsel withdrew from this action, and Plaintiff has been proceeding *pro se* since that time. Gonell Aff. ¶ 8.

In June of 2003, Defendant had not yet received responses to its discovery requests, and filed a Motion for Enlargement of the discovery deadline, which was granted by this Court on June 25, 2003. Gonell Aff. ¶ 9. Between July 2 and August 8, 2003, Defendant sent three letters to Plaintiff advising that his discovery responses (and initial disclosures) were months overdue and requesting that he contact Defendant. Gonell Aff. ¶¶ 10-13. Defendant also attempted phoning Plaintiff during this time, and left at least one voicemail message for Plaintiff. At no time during this period did Plaintiff contact Defendant. Id.

The August 8, 2003 letter sent to Plaintiff advised that, if Plaintiff did not respond by August 13, 2003, Defendant would have no choice but to seek assistance from the Court in

securing his discovery responses. Gonell Aff. ¶ 13. On August 14, 2003, Plaintiff phoned Ms. Gonell, advising her that he had a "pile of documents" from his former counsel that he intended to send to her. Gonell Aff. ¶ 14. Ms. Gonell advised Plaintiff that he should not send any documents that were communications between his counsel and him, or any documents that he created at his counsel's request. Id.

Several minutes after the August 14, 2003 phone call between Plaintiff and Ms. Gonell, Ms. Gonell called Plaintiff back and left him a voicemail message, indicating that he should wait to transmit any documents to her until he received a letter from her confirming their conversation. Gonell Aff. ¶ 15. The blackout in New York occurred several minutes later. Id. Accordingly, Ms. Gonell left Plaintiff a second voicemail message indicating that she might not be able to get the letter out to him until Friday, August 15, 2003, due to the blackout. Id.

On Monday, August 18, 2003, Defendant sent Plaintiff a letter via Federal Express and regular mail confirming their discussion on August 14, 2003. Gonell Aff. ¶ 16. Additionally, the letter indicated Defendant's availability to take Plaintiff's deposition on September 18 and September 25, 2003, and requested that Plaintiff provide his availability for those (or alternative) dates. The Federal Express envelope containing the letter was returned to Defendant on August 27, 2003, but the first class copy was never returned. Gonell Aff. ¶ 17. That same day, Defendant resent the August 18, 2003 letter, and Federal Express has confirmed the delivery of the resubmission on August 28, 2003. Gonell Aff. ¶ 18.

During September and early October, Defendant tried unsuccessfully on several occasions to reach Plaintiff by phone, leaving several voicemail messages for Plaintiff. Gonell Aff. ¶ 19. On October 7, 2003, Defendant sent Plaintiff yet another letter asking Plaintiff to provide discovery responses and appear for a deposition. Gonell Aff. ¶ 20. Defendant informed

Plaintiff that, if he did not respond by October 10, 2003, Defendant would have no recourse but to make a motion to compel. Id. Plaintiff signed for the October 7, 2003 letter on October 8, 2003, and has not contacted Defendant. Gonell Aff. ¶ 21.

In October of 2003, Defendant moved to compel Plaintiff to respond to its discovery requests and appear for deposition. Gonell Aff. ¶ 23. The Court granted Defendant's motion, ordering on February 11, 2004 that "plaintiff is hereby on notice that failure to comply with this Motion to Compel within thirty (30) days of this Order – that is, by **March 12, 2004** – may subject plaintiff to sanctions, including dismissal of his case. *See, e.g.*, Fed. R. Civ. P. 37; D. Conn. L.R. 41(a)." Gonell Aff. Exh. 23 (emphasis in original). To date, Plaintiff has not complied with this Order. On June 29, 2004, Defendant wrote to the Court seeking dismissal of this case, pursuant to this Court's Order due to Plaintiff's failure to prosecute. Gonell Aff. ¶ 24. Accordingly, Defendant files the instant motion seeking dismissal of Plaintiff's Complaint.

## ARGUMENT

Plaintiff's complete failure to respond to this Court's February 11, 2004 Order, participate in discovery, or even communicate with opposing counsel or this Court, warrant dismissal of this Complaint. Fed. R. Civ. P. 41 provides that: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b); see also L. Civ. R. 41. Plaintiff here has not prosecuted his case, complied with the Federal Rules, and or complied with an order of this Court. Any one of these failures would be sufficient to justify a dismissal and, taken together, they demonstrate Plaintiff's patent disinterest in this case and disregard for this Court.

In fact, Plaintiff has been given significantly more opportunity to comply with this Court's February 11, 2004 Order and participate in this litigation than the Plaintiff in Broccoli v. Dollar Tree Stores, Inc., No. 3:03CV830(MRK) (D. Conn. Aug. 11, 2004),[1] whose Complaint was dismissed for failure to prosecute. Following Broccoli's counsel's withdrawal from the case, this Court ordered that Broccoli would have to file an appearance "no later than June 14, 2004." Id. at 2. On June 15, 2004, the Court granted Broccoli's counsel's motion to withdraw, and ordered Broccoli to either file his *pro se* appearance or an appearance of replacement counsel, as well as reply to outstanding discovery requests, immediately. Id. Seven days later, on June 22, 2004, Broccoli had not yet entered an appearance, and Defendant moved for dismissal. Id. at 3. The Court dismissed the case, finding that Broccoli had failed to prosecute it for over seven months, and "since the original Motion to Withdraw as Counsel, dated May 21, 2004, almost three months have elapsed and Plaintiff has failed to respond in any form, suggesting to this Court that Plaintiff has been given a fair chance to be heard and that lesser sanctions will not be efficacious." Id. at 4.

As this Court held in Broccoli, the Second Circuit has directed courts to consider the following five factors on a motion to dismiss under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether a district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (*cited in* Broccoli v. Dollar Tree Stores, Inc., No. 3:03CV830(MRK) (D. Conn. Aug. 11, 2004)); cf. Carcello v. TJX Co., Inc.,

---

[1] A copy of the Court's decision in Broccoli v. Dollar Tree Stores, Inc. is attached to this

192 F.R.D. 61, 62 (D. Conn. 2000) (denying motion to vacate Rule 41 dismissal of complaint where Plaintiff did not comply with discovery requests).

Each factor supports Defendant's motion to dismiss the instant action. First, Plaintiff has failed to provide even basic Rule 26(a) disclosures, much less to respond to discovery requests or make himself available for deposition, in an action he filed two years ago. Second, this Court's February 11 Order made clear that "dismissal of this case" could result if Plaintiff failed to comply with discovery by March 12, 2004, over six months ago. Thus, Plaintiff received direct notice in the form of a court order that his case could be dismissed if he continued to refuse to participate in the litigation. Third, Defendant's discovery requests were served a year and one half ago. Defendants have been completely unable to defend this action without Plaintiff's cooperation in the discovery process, and further delay will result in further prejudice. Fourth, Plaintiff has had ample opportunities to participate in the lawsuit, and has not responded to Defendant's discovery requests, its motion to compel, or any of Defendant's repeated attempts to correspond with Plaintiff, including Defendant's June 29, 2004 letter to the Court seeking dismissal of this action. Certainly Plaintiff has foregone many more opportunities to be heard by this Court than the Plaintiff in <u>Broccoli</u>. Fifth, as in <u>Broccoli</u>, lesser sanctions would not be efficacious, as Plaintiff has clearly demonstrated that he has no intention of prosecuting this lawsuit. Thus, dismissal of this action in its entirety pursuant to Rule 41 is clearly warranted.

Moreover, Fed. R. Civ. P. 37 provides an independent basis for dismissal of Plaintiff's action due to his utter failure to respond to Defendant's discovery requests. Fed. R. Civ. P. 37(c) states, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders

> in regard to the failure as are just, and among others the following: . . . an order striking out pleadings . . . or dismissing the action or proceeding or any part thereof, or rending a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b).[2]

This Court has previously dismissed complaints or entered default judgments against parties for non-compliance with discovery rules. Indeed, in Salisbury v. Town of Watertown, 82 F.R.D. 403 (D. Conn. 1979), this Court entered a default judgment against a party for non-compliance with the discovery rules where, as here, the non-complying party failed to meet procedural deadlines, including providing timely responses to discovery requests. Id. at 404. The Court, in entering the default judgment, noted that:

> The bar must realize, and we declare it as emphatically as we can, that these dates by law, rule or court order must mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court.

Id. (internal citation omitted).

Plaintiff filed this lawsuit two years ago, and has made no effort to participate in the discovery process or otherwise advance this litigation. Plaintiff has refused to answer communications, both by phone and in writing, by Defendant's counsel made in an attempt to obtain Plaintiff's compliance with discovery. It was Plaintiff's decision to prosecute this action against Defendant and, now, Defendant has spent many needless hours attempting to obtain the

---

[2]  Federal Rule of Civil Procedure 37(d) provides yet another basis for dismissal: "If a party . . . .fails . . . to serve answers or objections to interrogatories submitted under Rule 33 . . . or . . . to serve a written response to a request for inspection submitted under Rule 34 . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just [including those set forth in Fed. R. Civ. P. 37(b)(2)]." Fed. R. Civ. P. 37(d). Fed. R. Civ. P. 37(b)(2) provides the Court with the power to make such orders as are just, including: "An order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part

discovery to which it is properly entitled under the Federal Rules and to seek dismissal of an action that Plaintiff has had no intention of pursuing. In light of Plaintiff's failure to prosecute this action, his complaint should be dismissed.

Dated: New York, New York
       October 5, 2004

              MORGAN, LEWIS & BOCKIUS LLP


              By: _____
                Amber Kagan (CT 18154)
                Carrie A. Gonell (CT 24336)

              101 Park Avenue
              New York, New York 10178
              212-309-6000

              ZELDES, NEEDLE & COOPER, P.C.
              Sarah Poston (CT 19702)
              1000 Lafayette Blvd.
              P.O. Box 1740
              Bridgeport, Connecticut 06601
              203-333-9441

              Attorneys for Defendant Gibbs College

---

thereof, or rendering a judgment by default against the disobedient party . . ." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

Case 3:02-cv-01955-MRK   Document 25   Filed 10/07/2004   Page 9 of 9