UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
:
WILLIAM ROHLAND,                              :   CIVIL ACTION NO.
                                              :   3:02 CV 1955 (MRK)
                Plaintiff,            :
                                              :
    - against -                              :
                                              :
GIBBS COLLEGE,                                :
                                              :
                Defendant.            :
---------------------------------------------------------------X

**AFFIDAVIT OF CARRIE GONELL IN**
**SUPPORT OF GIBBS COLLEGE'S MOTION TO DISMISS**

    Carrie A. Gonell, being duly sworn, deposes and says:

1.      I am an associate with the law firm of Morgan, Lewis & Bockius LLP, and represent Gibbs College (the "Defendant") in the above-captioned action. I submit this affidavit in support of Defendant's motion to dismiss the Complaint of Plaintiff William Rohland ("Plaintiff").

2.      The parties' joint Rule 26(f) Report provided that the parties would exchange their Rule 26 Initial Disclosures by January 15, 2003, and the parties subsequently consented to a joint extension, agreeing to exchange Initial Disclosures by February 28, 2003. Defendant served its Initial Disclosures on Plaintiff on February 27, 2003, but never received Plaintiff's Initial Disclosures.

3.      A true and correct copy of Defendant's First Request for Production of Documents and the Authorization for Release of Records, served on Plaintiff on March 3, 2003, is attached at Tab A.

4.      A true and correct copy of Defendant's First Set of Interrogatories, served on Plaintiff on March 3, 2003, is attached at Tab B.

5.      On March 3, 2003, Defendant noticed Plaintiff's deposition for April 21, 2003. A true and correct copy of the Notice of Deposition of Plaintiff William Rohland, served on Plaintiff on March 3, 2003, is attached at Tab C.

6.      Prior to late May of 2003, I had several conversations with Mr. John Androski, Esq. and Caroline Androski, Esq., counsel for Plaintiff, in an unsuccessful attempt to secure responses to Defendant's discovery requests.

7.      Specifically, on April 17, 2003, Ms. Androski and I agreed that we could not proceed with Plaintiff's deposition, which had been scheduled for April 21, 2003, because Plaintiff had not yet responded to Defendant's discovery requests. Ms. Androski further agreed to contact me to inform me as to when Plaintiff would be responding to discovery. I sent a letter to Ms. Androski confirming our conversation. A copy of the April 17, 2003 Letter to Caroline Androski, Esq., is attached hereto at Tab D.

8.      In late of May of 2003, Mr. Androski withdrew as counsel, and Plaintiff has been proceeding *pro se* since that time.

9.      A true and correct copy of the Motion for Enlargement of time, dated June 6, 2003, granted by this Court on June 25, 2003, is attached at Tab E. This Order extended the deadline for discovery in the above-captioned action to October 31, 2003.

10.     On July 2, 2003, I sent Plaintiff a letter enclosing Defendant's discovery requests (including the authorization for release of medical records) and noting that the responses were months overdue. The letter requested that Plaintiff respond to the discovery requests, and provide his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), by July 21, 2003. A true and correct copy of that July 2, 2003, letter is attached hereto at Tab F.

11.     On July 17, 2003, I sent Plaintiff a letter indicating that he had not yet provided the requested information, and requesting that he call me to advise when he would be responding to

Defendant's requests. A true and correct copy of that July 17, 2003, letter is attached hereto at Tab G.

12.     On August 1, 2003, I called Mr. Rohland and left a message identifying myself as counsel for Gibbs College, advising him that his response to our discovery requests was overdue, and requesting that he call me regarding same.

13.     On August 8, 2003, still having received no response or other communication from Plaintiff, I wrote Plaintiff another letter advising that, if he did not respond by August 13, 2003, we would have no choice but to seek assistance from the Court in securing his responses. A true and correct copy of that letter is attached hereto at Tab H.

14.     On August 14, 2003, Plaintiff phoned me regarding his discovery responses. He indicated that he had in his possession a "pile of documents" from his former counsel, and intended to send me a copy of those documents. I advised Plaintiff that he should not send me any documents that were communications between his counsel and him, or any documents he created at his counsel's request.

15.     Several minutes after our phone call on August 14, 2003, I called Plaintiff back and left him a voicemail message indicating that he should wait to send me the documents until he received a copy of a letter from me confirming our discussion. The blackout in New York occurred several minutes later. Accordingly, I left Plaintiff a second voicemail message indicating that I might not be able to get the letter out until Friday, August 15, 2003, due to the blackout.

16.     On August 18, 2003, I sent Plaintiff a letter via Federal Express and regular mail confirming our discussion of August 14, 2003. Additionally, Defendant indicated its availability on September 18 or 25, 2003, to proceed with Plaintiff's deposition, and requested that Plaintiff advise of his availability on those dates. A true and correct copy of that letter is attached at Tab I.

17.     On August 27, 2003, the Federal Express dated August 18, 2003, was returned to me. The copy of the August 18, 2003 letter sent via first class mail was not returned to me. A true and

correct copy of the Federal Express envelope of the August 18, 2003 letter is attached hereto at Tab J.

18.     I resent the August 18, 2003 letter on August 27, 2003, via certified mail and federal express. The Federal Express was delivered on August 28, 2003. A true and correct copies of the Federal Express tracking information regarding this letter, as well as the Certified Mail receipt, are attached hereto at Tab K.

19.     In September and early October, I tried unsuccessfully to reach Plaintiff by phone on several occasions, leaving at least two voicemail messages on the answering machine connected to the number at which I had reached Plaintiff in August.

20.     On October 7, 2003, I sent Plaintiff another letter again requesting that he provide discovery responses and contact me to schedule his deposition. I informed him that if he did not respond by October 10, 2003, Defendant would have no recourse but to make a motion to compel him to respond to discovery and appear for his deposition. A true and correct copy of that letter is attached hereto at Tab L.

21.     Plaintiff signed for the October 7, 2003 letter on October 8, 2003, as indicated by the October 14, 2003 communication from Federal Express to Krystal Sanders (an employee in the mailroom of Morgan, Lewis & Bockius LLP) reflecting Mr. Rohland's signature. A true and correct copy of this October 13, 2004 letter is attached hereto at Tab M.

22.     I have called Plaintiff on multiple occasions since he has been proceeding *pro se* (and left several messages at Plaintiff's home number), but I have not spoken to Plaintiff, or received any other communication from Plaintiff (written or otherwise), other than our conversation of August 14, 2003.

23.     In October of 2003, Defendant moved to compel Plaintiff to respond to its discovery requests and appear for deposition. The Court granted Defendant's motion, ordering on February 11, 2004 that "plaintiff is hereby on notice that failure to comply with this Motion to

1-NY/1668537.2                                            4

Compel within thirty (30) days of this Order – that is, by **March 12, 2004** – may subject plaintiff to sanctions, including dismissal of his case. *See, e.g.*, Fed. R. Civ. P. 37; D. Conn. L.R. 41(a)" (emphasis in original). A true and correct copy of the Court's February 11, 2004 Order is attached at Tab N.

24.     On June 29, 2004, Defendant wrote to the Court seeking dismissal of this case, pursuant to this Court's February 11, 2004 Order, due to Plaintiff's failure to prosecute. A true and correct copy of Defendant's June 29, 2004 letter is attached at Tab O.

25.     To date, Plaintiff has not complied with this February 11, 2004 Order. Defendant has received no responses to its discovery requests, nor any other communication from Plaintiff, since August of 2003.

26.     This affidavit is based upon my own personal knowledge and on documents kept in the ordinary course of business.

_____
Carrie A. Gonell

Signed and sworn to before me
on this 5th day of October, 2004

_____
Notary Public